IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS DELA CRUZ, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-4067-D-BN |
| DALLAS POLICE DEPARTMENT, | § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. Because the facts alleged by Plaintiff Dimas Dela Cruz – who judges of this Court have twice before found to be a frivolous filer – are clearly baseless, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Background**

In August 2014 and, more recently, in October 2015, *pro se* lawsuits filed by Dela Cruz against the Dallas Police Department were summarily dismissed as frivolous under Section 1915(e)(2). *See Dela Cruz v. Dallas Police Dep't*, No. 3:14-cv-2041-P-BN, 2014 WL 3925227 (N.D. Tex. Aug. 11, 2014); *Dela Cruz v. Dallas Police Dep't*, No. 3:15-cv-2480-B-BK, Dkt. Nos. 7, 8, & 9 (N.D. Tex. Oct. 6, 2015). Here, Dela Cruz again

alleges, among other fantastical claims, that an individual or an entity "is continuing his criminal intention to assassinate me" and that the Dallas Police Department has failed to sufficiently respond. Dkt. No. 1; *compare id.*, *with Dela Cruz*, 2014 WL 3925227, at *1 ("Plaintiff alleges that the Dallas Police Department failed to respond to his complaint that employees of Waist Management Trash Company are planning to assassinate him."); *Dela Cruz*, No. 3:15-cv-2480-B-BK, Dkt. No. 7 at 1 ("The complaint is difficult to decipher and nonsensical. For example, Plaintiff asserts that 'a deep investigation was not carried [out] by the Dallas Police Department.' He also claims that '[t]he mother of 5 kids by different dad is the conspiracy of [his] assassination.'" (record citation omitted)). Although, his complaint is again "difficult to decipher," Dela Cruz appears to again include a nonsensical reference to a 96 Yukon. *See* Dkt. No. 1 at 1; *compare id.*, *with Dela Cruz*, No. 3:15-cv-2480-B-BK, Dkt. No. 7 at 1 ("He also avers, 'A 96 Yukon white G.M.C. been frequently approach violently to see where I go [and] who I talk to. To gave they way to they criminal intention [unitelligle] every step.'").

## Legal Standards and Analysis

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And, while claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Dela Cruz again fails to present a logical set of facts to support any claim for relief. Because his complaint contains only allegations that are wholly based on delusional or fanciful scenarios, summary dismissal is again warranted.

**Recommendation**

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 5, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE